IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

YODLEE, INC.,

      Plaintiff,

      v.

PLAID TECHNOLOGIES INC.,

      Defendant.

C. A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Yodlee Inc. ("Yodlee") for its complaint against Plaid Technologies Inc.

("Plaid" or "Defendant") requesting damages and other relief, and alleging as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of United States Patent No. 6,199,077 (the

"'077 patent"), United States Patent No. 6,317,783 (the "'783 patent"), United States Patent No.

6,510,451 (the "'451 patent"), United States Patent No. 7,263,548 (the "'548 patent"), United

States Patent No. 7,424,520 (the "'520 patent"), United States Patent No. 7,752,535 (the "'535

patent"), and United States Patent No. 8,266,515 (the "'515 patent") (collectively, "Asserted

Patents") under 35 U.S.C. §§ 271, *et seq.*

## THE PARTIES

2.      Plaintiff Yodlee is a corporation organized and existing under the laws of the

State of Delaware with a principal place of business at 3600 Bridge Parkway, Suite 200,

Redwood City, California 94065.  Yodlee develops software and services that allow users to

view all financial and other personal accounts in one place.  Yodlee also develops applications to

help consumers manage their finances online through features such as personal financial management, bill payment, expense tracking, and investment management.

3.       Upon information and belief, Defendant Plaid is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 25 Maiden Lane, San Francisco, California 94108.  According to its website, Plaid offers a competing software application programming interface ("API") that allows users and developers to interact with financial institutions.

4.       Upon information and belief, the officers of Defendant Plaid formerly operated under the name CopperDog Inc. ("CopperDog"), which was also a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 4230 Stoney Brook Rd, Clemmons, NC 27012.

## JURISDICTION AND VENUE

5.       This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq*.  This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.       Venue is proper in the District of Delaware under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

7.       This Court has personal jurisdiction over Plaid because Plaid is incorporated in the State of Delaware and has purposefully availed itself of the privilege of conducting activities within this State and District.

## BACKGROUND

8.       Plaintiff Yodlee was founded in 1999.  Over the past fifteen years, it has become the leading provider of account aggregation services and personal financial management

applications through software it developed from the ground up.  More than 750 organizations in over 10 countries use Yodlee's services and applications, including 9 of the 15 largest banks in the United States.  Yodlee has over 16 million paid users and reaches more than 100 million end users through its network of financial institutions.  In October 2014, Yodlee completed its initial public offering.

9.      According to its website, Defendant Plaid considers itself to be "the API for banking data."  The API gives developers the ability to integrate with banking institutions and access and authorize personal user accounts at those institutions.

10.     On February 11, 2012, Zach Perret, co-founder of Defendant Plaid and president of CopperDog, signed a nondisclosure agreement ("NDA") with Yodlee.  The NDA was a proactive measure taken prior to granting CopperDog access to Yodlee's confidential technology.  By signing the agreement, Zach Perret and his company CopperDog agreed to protect the secrecy of Yodlee's confidential information and technology and not use that confidential information and technology for unauthorized purposes.

11.     On April 5, 2012, Zach Perret signed a 30-day evaluation license agreement ("Evaluation Agreement") giving him, William Hockey, another co-founder of Defendant Plaid and the technical contact at CopperDog, and the company access to use and explore Yodlee's software development kit ("SDK").  Specifically, the Evaluation Agreement provided access to Yodlee's core technology in the form of C# source code, Java binary files, sample application codes, and development environments.  The Evaluation Agreement also provided use of Yodlee's aggregation services to pull real user account data from financial institutions.

12.     On April 6, 2012, Zach Perret was provided login credentials to Yodlee's developer resources.  The login credentials allowed downloading of a multitude of confidential,

3

and highly informative, technical documents including the "Yodlee Aggregation SDK FAQs,"
"Yodlee Aggregation SDK Quick Reference Guide," "Yodlee SDK Developers Guide v11.0,"
"Yodlee PersonalFinance SDK Implementation Guide v11.0," and application files.

13.     According to its website, at around this time Defendant Plaid started operations,
acquiring its first customer shortly thereafter.  On July 20, 2012, Plaid became an official
corporation of the State of Delaware.

14.     On November 16, 2012, Zach Perret was provided another set of 30-day
evaluation login credentials to Yodlee's developer resources.

15.     On November 16, 2012, Defendant also received two pricing proposals from
Yodlee that would grant Defendant a one-year license to use Yodlee's aggregation APIs.  Along
with those pricing proposals were hyperlinks to four documents containing Yodlee confidential
technical and security information.  Two of those documents, "Yodlee Categorization Engine
Overview v11.0" and "Yodlee Data Model v11," contain notices that the technology presented in
the documentation is "protected by one or more U.S. Patents or Patents Pending."  Furthermore,
it is highly likely that both of these documents were read by both co-founders of Defendant
because both documents state that they should be read by the "Product Functional Lead" and
"Technical Lead" of the licensee.  Upon information and belief, in the case of Defendant, those
people are Zach Perret and William Hockey, respectively.

16.     On January 10, 2013, Defendant entered into a one-year services agreement
("Services Agreement") to begin fully licensing Yodlee's services.  Pursuant to the Services
Agreement, Defendant was required to pay Yodlee on January 21, 2013.

17.    After three months of maintaining Defendant's user environment without payment, on April 9, 2013, Defendant was notified that the contract would be terminated if payment was not received by April 15, 2013.

18.    On April 15, 2013, Defendant stated that it wanted to cancel the Services Agreement and avoid full payment.  Defendant sent a payment amount for a portion of the total outstanding, and the Services Agreement was terminated.

19.    Upon information and belief, Defendant has used the knowledge acquired through its prolonged use of Yodlee's technology, including Yodlee's technical documentation, developer resources, and aggregation platform, to develop competing software and services that also infringe the Asserted Patents.  Upon information and belief, by leveraging its infringing software and services, Defendant has managed to raise at least $2.8 million in funding as of September 2013.

20.    Upon information and belief, Defendant has sold and offered for sale and continues to sell and offer for sale use of its software and services in the United States, including in Delaware.  Defendant instructs its customers on how to use and access its software and services from publicly available documentation on its website.  Defendant encourages its customers to visit its developer page which provides code and support helpful to use and access its software and services.

21.    Upon information and belief, Defendant has used and continues to use its software and services in the United States, including in Delaware, to provide account aggregation and personal financial management services to its customers.

22.    Upon information and belief, Defendant has knowledge of the Asserted Patents by at least the date of this Complaint.  Upon information and belief, at least Plaid founders Zach

5

Perret and William Hockey were aware since 2012 that Yodlee had issued and pending patents relating to its account aggregation and personal financial management technology.

## PATENTS-IN-SUIT

23.     The '077 patent, titled "Server-Side Web Summary Generation and Presentation," issued on March 6, 2001.  A copy of the '077 patent is attached hereto as Exhibit A.

24.     The '783 patent, titled "Apparatus and Methods for Automated Aggregation and Delivery of and Transactions Involving Electronic Personal Information or Data," issued on November 13, 2001.  A copy of the '783 patent is attached hereto as Exhibit B.

25.     The '451 patent, titled "System for Completing a Multi-Component Task Initiated by a Client Involving Web Sites without Requiring Interaction from the Client," issued on January 21, 2003.  A copy of the '451 patent is attached hereto as Exhibit C.

26.     The '548 patent, titled "Method and Apparatus for Restructuring of Personalized Data for Transmission from a Data Network to Connected and Portable Network Appliances," issued August 28, 2007.  A copy of the '548 patent is attached hereto as Exhibit D.

27.     The '520 patent, titled "Method and Apparatus for Restructuring of Personalized Data for Transmission from a Data Network to Connected and Portable Network Appliances," issued September 9, 2008.  A copy of the '520 patent is attached hereto as Exhibit E.

28.     The '535 patent, titled "Categorization of Summarized Information," issued July 6, 2010.  A copy of the '535 patent is attached hereto as Exhibit F.

29.     The '515 patent, titled "Categorization of Summarized Information," issued September 11, 2012.  A copy of the '515 patent is attached hereto as Exhibit G.

30.     The Asserted Patents have been assigned to Yodlee and Yodlee is the owner of all right, title, and interest in and to those patents, including the right to sue, enforce, and recover all damages, past and future, for all infringements.

31.     Yodlee has incurred substantial effort and expenses to develop the technologies leading to the Asserted Patents.

## COUNT I
### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,199,077

32.     The allegations of paragraphs 1-31 are incorporated as though fully set forth herein.

33.     Upon information and belief, Defendant had knowledge of the '077 patent at least as of the filing of this Complaint.

34.     Upon information and belief, various employees of Defendant, including at least founders Zach Perret and William Hockey, have been aware that Yodlee's aggregation and personal financial management technology was the subject of numerous patents since 2012. Upon information and belief, Defendant and at least its founders Zach Perret and William Hockey used their access to Yodlee's confidential services and product documentation through the NDA, Evaluation Agreement, and Services Agreement to learn how to implement the patented technology, and then proceeded to terminate their Services Agreement so that Defendant could offer competing software and services based upon the patented technology. Upon information and belief, Defendant has acted and continues to act with specific intent to cause infringement of the '077 patent.

35.     Defendant's software and services are not staple articles of commerce and have no substantial uses other than to practice the '077 patent.  Upon information and belief,

Defendant has acted and continues to act with specific intent to contribute to infringement of the '077 patent.

36.     Upon information and belief, Defendant has been and is now infringing, inducing infringement, and contributing to the infringement of the '077 patent by making, using, selling, and/or offering to sell, without authority, software and services covered by one or more claims of the '077 patent, and/or contributing to or inducing the same by third parties, all to the injury of Yodlee.

37.     Defendant's acts of infringement have injured and damaged Yodlee, and such acts will continue to cause Yodlee to suffer damages.

38.     Defendant's acts of infringement have been conducted with knowledge that the technology Defendant derived from Yodlee was protected by the Asserted Patents.  Thus, Defendant acted with an objectively high likelihood that its services infringe Yodlee's valid patents, and that risk was known by Defendant at least by Defendant's review of Yodlee's technical documents, and by Defendant's use of the patented technology under the NDA, Evaluation Agreement, and Services Agreement.  Defendant's acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of its infringement.

39.     Defendant's infringement has caused irreparable injury to Yodlee and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.

**COUNT II**
**PATENT INFRINGEMENT OF U.S. PATENT NO. 6,317,783**

40.     The allegations of paragraphs 1-39 are incorporated as though fully set forth herein.

41.     Upon information and belief, Defendant had knowledge of the '783 patent at least as of the filing of this Complaint.

42.     Upon information and belief, various employees of Defendant, including at least founders Zach Perret and William Hockey, have been aware that Yodlee's aggregation and personal financial management technology was the subject of numerous patents since 2012. Upon information and belief, Defendant and at least its founders Zach Perret and William Hockey used their access to Yodlee's confidential services and product documentation through the NDA, Evaluation Agreement, and Services Agreement to learn how to implement the patented technology, and then proceeded to terminate their Services Agreement so that Defendant could offer competing software and services based upon the patented technology. Upon information and belief, Defendant has acted and continues to act with specific intent to cause infringement of the '783 patent.

43.     Defendant's software and services are not staple articles of commerce and have no substantial uses other than to practice the '783 patent.  Upon information and belief, Defendant has acted and continues to act with specific intent to contribute to infringement of the '783 patent.

44.     Upon information and belief, Defendant has been and is now infringing, inducing infringement, and contributing to the infringement of the '783 patent by making, using, selling, and/or offering to sell, without authority, software and services covered by one or more claims of the '783 patent, and/or contributing to or inducing the same by third parties, all to the injury of Yodlee.

45.     Defendant's acts of infringement have injured and damaged Yodlee, and such acts will continue to cause Yodlee to suffer damages.

46.     Defendant's acts of infringement have been conducted with knowledge that the technology Defendant derived from Yodlee was protected by the Asserted Patents.  Thus, Defendant acted with an objectively high likelihood that its services infringe Yodlee's valid patents, and that risk was known by Defendant at least by Defendant's review of Yodlee's technical documents, and by Defendant's use of the patented technology under the NDA, Evaluation Agreement, and Services Agreement.  Defendant's acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of its infringement.

47.     Defendant's infringement has caused irreparable injury to Yodlee and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.

### COUNT III
### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,510,451

48.     The allegations of paragraphs 1-47 are incorporated as though fully set forth herein.

49.     Upon information and belief, Defendant had knowledge of the '451 patent at least as of the filing of this Complaint.

50.     Upon information and belief, various employees of Defendant, including at least founders Zach Perret and William Hockey, have been aware that Yodlee's aggregation and personal financial management technology was the subject of numerous patents since 2012. Upon information and belief, Defendant and at least its founders Zach Perret and William Hockey used their access to Yodlee's confidential services and product documentation through the NDA, Evaluation Agreement, and Services Agreement to learn how to implement the patented technology, and then proceeded to terminate their Services Agreement so that

10

Defendant could offer competing software and services based upon the patented technology. Upon information and belief, Defendant has acted and continues to act with specific intent to cause infringement of the '451 patent.

51.     Defendant's software and services are not staple articles of commerce and have no substantial uses other than to practice the '451 patent.  Upon information and belief, Defendant has acted and continues to act with specific intent to contribute to infringement of the '451 patent.

52.     Upon information and belief, Defendant has been and is now infringing, inducing infringement, and contributing to the infringement of the '451 patent by making, using, selling, and/or offering to sell, without authority, software and services covered by one or more claims of the '451 patent, and/or contributing to or inducing the same by third parties, all to the injury of Yodlee.

53.     Defendant's acts of infringement have injured and damaged Yodlee, and such acts will continue to cause Yodlee to suffer damages.

54.     Defendant's acts of infringement have been conducted with knowledge that the technology Defendant derived from Yodlee was protected by the Asserted Patents.  Thus, Defendant acted with an objectively high likelihood that its services infringe Yodlee's valid patents, and that risk was known by Defendant at least by Defendant's review of Yodlee's technical documents, and by Defendant's use of the patented technology under the NDA, Evaluation Agreement, and Services Agreement.  Defendant's acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of its infringement.

55.     Defendant's infringement has caused irreparable injury to Yodlee and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.

### COUNT IV
### PATENT INFRINGEMENT OF U.S. PATENT NO. 7,263,548

56.     The allegations of paragraphs 1-55 are incorporated as though fully set forth herein.

57.     Upon information and belief, Defendant had knowledge of the '548 patent at least as of the filing of this Complaint.

58.     Upon information and belief, various employees of Defendant, including at least founders Zach Perret and William Hockey, have been aware that Yodlee's aggregation and personal financial management technology was the subject of numerous patents since 2012. Upon information and belief, Defendant and at least its founders Zach Perret and William Hockey used their access to Yodlee's confidential services and product documentation through the NDA, Evaluation Agreement, and Services Agreement to learn how to implement the patented technology, and then proceeded to terminate their Services Agreement so that Defendant could offer competing software and services based upon the patented technology. Upon information and belief, Defendant has acted and continues to act with specific intent to cause infringement of the '548 patent.

59.     Defendant's software and services are not staple articles of commerce and have no substantial uses other than to practice the '548 patent.  Upon information and belief, Defendant has acted and continues to act with specific intent to contribute to infringement of the '548 patent.

60.     Upon information and belief, Defendant has been and is now infringing, inducing infringement, and contributing to the infringement of the '548 patent by making, using, selling, and/or offering to sell, without authority, software and services covered by one or more claims of the '548 patent, and/or contributing to or inducing the same by third parties, all to the injury of Yodlee.

61.     Defendant's acts of infringement have injured and damaged Yodlee, and such acts will continue to cause Yodlee to suffer damages.

62.     Defendant's acts of infringement have been conducted with knowledge that the technology Defendant derived from Yodlee was protected by the Asserted Patents.  Thus, Defendant acted with an objectively high likelihood that its services infringe Yodlee's valid patents, and that risk was known by Defendant at least by Defendant's review of Yodlee's technical documents, and by Defendant's use of the patented technology under the NDA, Evaluation Agreement, and Services Agreement.  Defendant's acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of its infringement.

63.     Defendant's infringement has caused irreparable injury to Yodlee and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.

### COUNT V
### PATENT INFRINGEMENT OF U.S. PATENT NO. 7,424,520

64.     The allegations of paragraphs 1-63 are incorporated as though fully set forth herein.

65.     Upon information and belief, Defendant had knowledge of the '520 patent at least as of the filing of this Complaint.

66.     Upon information and belief, various employees of Defendant, including at least founders Zach Perret and William Hockey, have been aware that Yodlee's aggregation and personal financial management technology was the subject of numerous patents since 2012. Upon information and belief, Defendant and at least its founders Zach Perret and William Hockey used their access to Yodlee's confidential services and product documentation through the NDA, Evaluation Agreement, and Services Agreement to learn how to implement the patented technology, and then proceeded to terminate their Services Agreement so that Defendant could offer competing software and services based upon the patented technology. Upon information and belief, Defendant has acted and continues to act with specific intent to cause infringement of the '520 patent.

67.     Defendant's software and services are not staple articles of commerce and have no substantial uses other than to practice the '520 patent. Upon information and belief, Defendant has acted and continues to act with specific intent to contribute to infringement of the '520 patent.

68.     Upon information and belief, Defendant has been and is now infringing, inducing infringement, and contributing to the infringement of the '520 patent by making, using, selling, and/or offering to sell, without authority, software and services covered by one or more claims of the '520 patent, and/or contributing to or inducing the same by third parties, all to the injury of Yodlee.

69.     Defendant's acts of infringement have injured and damaged Yodlee, and such acts will continue to cause Yodlee to suffer damages.

70.     Defendant's acts of infringement have been conducted with knowledge that the technology Defendant derived from Yodlee was protected by the Asserted Patents. Thus,

14

Defendant acted with an objectively high likelihood that its services infringe Yodlee's valid patents, and that risk was known by Defendant at least by Defendant's review of Yodlee's technical documents, and by Defendant's use of the patented technology under the NDA, Evaluation Agreement, and Services Agreement.  Defendant's acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of its infringement.

71.     Defendant's infringement has caused irreparable injury to Yodlee and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.

## COUNT VI
## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,752,535

72.     The allegations of paragraphs 1-71 are incorporated as though fully set forth herein.

73.     Upon information and belief, Defendant had knowledge of the '535 patent at least as of the filing of this Complaint.

74.     Upon information and belief, various employees of Defendant, including at least founders Zach Perret and William Hockey, have been aware that Yodlee's aggregation and personal financial management technology was the subject of numerous patents since 2012. Upon information and belief, Defendant and at least its founders Zach Perret and William Hockey used their access to Yodlee's confidential services and product documentation through the NDA, Evaluation Agreement, and Services Agreement to learn how to implement the patented technology, and then proceeded to terminate their Services Agreement so that Defendant could offer competing software and services based upon the patented technology.

Upon information and belief, Defendant has acted and continues to act with specific intent to cause infringement of the '535 patent.

75.     Defendant's software and services are not staple articles of commerce and have no substantial uses other than to practice the '535 patent.  Upon information and belief, Defendant has acted and continues to act with specific intent to contribute to infringement of the '535 patent.

76.     Upon information and belief, Defendant has been and is now infringing, inducing infringement, and contributing to the infringement of the '535 patent by making, using, selling, and/or offering to sell, without authority, software and services covered by one or more claims of the '535 patent, and/or contributing to or inducing the same by third parties, all to the injury of Yodlee.

77.     Defendant's acts of infringement have injured and damaged Yodlee, and such acts will continue to cause Yodlee to suffer damages.

78.     Defendant's acts of infringement have been conducted with knowledge that the technology Defendant derived from Yodlee was protected by the Asserted Patents.  Thus, Defendant acted with an objectively high likelihood that its services infringe Yodlee's valid patents, and that risk was known by Defendant at least by Defendant's review of Yodlee's technical documents, and by Defendant's use of the patented technology under the NDA, Evaluation Agreement, and Services Agreement.  Defendant's acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of its infringement.

79.     Defendant's infringement has caused irreparable injury to Yodlee and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.

### COUNT VII
### PATENT INFRINGEMENT OF U.S. PATENT NO. 8,266,515

80.     The allegations of paragraphs 1-79 are incorporated as though fully set forth herein.

81.     Upon information and belief, Defendant had knowledge of the '515 patent at least as of the filing of this Complaint.

82.     Upon information and belief, various employees of Defendant, including at least founders Zach Perret and William Hockey, have been aware that Yodlee's aggregation and personal financial management technology was the subject of numerous patents since 2012. Upon information and belief, Defendant and at least its founders Zach Perret and William Hockey used their access to Yodlee's confidential services and product documentation through the NDA, Evaluation Agreement, and Services Agreement to learn how to implement the patented technology, and then proceeded to terminate their Services Agreement so that Defendant could offer competing software and services based upon the patented technology. Upon information and belief, Defendant has acted and continues to act with specific intent to cause infringement of the '515 patent.

83.     Defendant's software and services are not staple articles of commerce and have no substantial uses other than to practice the '515 patent.  Upon information and belief, Defendant has acted and continues to act with specific intent to contribute to infringement of the '515 patent.

84.    Upon information and belief, Defendant has been and is now infringing, inducing infringement, and contributing to the infringement of the '515 patent by making, using, selling, and/or offering to sell, without authority, software and services covered by one or more claims of the '515 patent, and/or contributing to or inducing the same by third parties, all to the injury of Yodlee.

85.    Defendant's acts of infringement have injured and damaged Yodlee, and such acts will continue to cause Yodlee to suffer damages.

86.    Defendant's acts of infringement have been conducted with knowledge that the technology Defendant derived from Yodlee was protected by the Asserted Patents.  Thus, Defendant acted with an objectively high likelihood that its services infringe Yodlee's valid patents, and that risk was known by Defendant at least by Defendant's review of Yodlee's technical documents, and by Defendant's use of the patented technology under the NDA, Evaluation Agreement, and Services Agreement.  Defendant's acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of its infringement.

87.    Defendant's infringement has caused irreparable injury to Yodlee and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yodlee prays for relief as follows:

(a)    judgment that Defendant Plaid has infringed and is infringing the '077 patent, directly, contributorily, and by inducement;

(b)      judgment that Defendant Plaid has infringed and is infringing the '783 patent, directly, contributorily, and by inducement;

(c)      judgment that Defendant Plaid has infringed and is infringing the '451 patent, directly, contributorily, and by inducement;

(d)      judgment that Defendant Plaid has infringed and is infringing the '548 patent, directly, contributorily, and by inducement;

(e)      judgment that Defendant Plaid has infringed and is infringing the '520 patent, directly, contributorily, and by inducement;

(f)      judgment that Defendant Plaid has infringed and is infringing the '535 patent, directly, contributorily, and by inducement;

(g)      judgment that Defendant Plaid has infringed and is infringing the '515 patent, directly, contributorily, and by inducement;

(h)      judgment that Defendant's infringement of the '077, '783, '451, '548, '520, '535, and '515 patents was and continues to be willful;

(i)      a preliminary injunction and a permanent injunction preventing Defendant and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, offering to sell, or selling in the United States or importing into the United States any software or services that infringe any claim of the '077, '783, '451, '548, '520, '535, and '515 patents, or contributing to or inducing the same by others;

(j)      judgment against Defendant for money damages sufficient to compensate Yodlee for Defendant's infringement of the '077, '783, '451, '548, '520, '535, and '515 patents in an amount to be determined at trial;

(k)      that any such money judgment be trebled as a result of the willful nature of Defendant's infringement;

(l)      an accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(m)      that this Court declare this case an exceptional case pursuant to 35 U.S.C. § 285;

(n)      costs and reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C § 285; and

(o)      such other and further relief as this Court finds just and proper.


**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff Yodlee requests trial by jury on all issues so triable.

Dated: December 1, 2014                    FISH & RICHARDSON P.C.


                                           By: */s/ Robert M. Oakes*
                                           Robert M. Oakes (#5217)
                                           222 Delaware Avenue, 17th Floor
                                           P.O. Box 1114
                                           Wilmington, DE 19899
                                           Telephone:  (302) 652-5070
                                           Facsimile:   (302) 652-0607
                                           oakes@fr.com

                                           David M. Barkan
                                           FISH & RICHARDSON P.C.
                                           500 Arguello Street, Suite 500
                                           Redwood City, CA 94063
                                           Telephone:  (650) 839-5070
                                           Facsimile:  (650) 839-5071
                                           barkan@fr.com

                                           Attorneys for Plaintiff
                                           YODLEE, INC.