

Frederick L. Cottrell, III
302-651-7509
Cottrell@rlf.com

May 13, 2016

VIA CM/ECF FILING AND HAND DELIVERY

Chief Judge Leonard P. Stark
U.S. District Court of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124
Wilmington, DE 19801-3555

      Re:    <u>Yodlee, Inc. v. Plaid Technologies Inc., C.A. No. 14-1445-LPS-CJB</u>

Dear Chief Judge Stark:

      In accordance with the Court's oral ruling during the status telephone conference on May 9, 2016 (D.I. 168), Plaintiff Yodlee, Inc. ("Yodlee") and Defendant Plaid Technologies, Inc. ("Plaid") have met and conferred regarding the issues raised by the Court and submit this joint letter addressing those issues. Specifically, the parties have met and conferred regarding: (1) whether the Court has the authority to order Plaid to answer the Complaint prior to a decision on Plaid's motion to dismiss; and (2) proposed amendments to the case schedule (given the upcoming case deadlines, including the end of fact discovery and start of expert discovery) in light of the fact that Plaid has not yet answered the Complaint. Each party's respective positions on both issues are as follows:

      **<u>Yodlee's Position:</u>**

<u>*Court's authority to order Plaid to answer the complaint before deciding the motion to dismiss:*</u>

Plaid cannot dispute that Federal Rule 12(a)(4) plainly gives this Court ample authority to order Plaid to answer Yodlee's complaint before finally resolving Plaid's motion to dismiss. Rule 12(a)(4) is the Federal Rule that, by default, tolls the time to serve a responsive pleading while a motion to dismiss is pending. Fed. R. Civ. P. 12(a)(4). Rule 12(a)(4) notably states that the Rule alters the deadlines for a responsive pleading—i.e. Plaid's answer—as set forth therein **"[u]nless the court sets a different time**." *Id.* In fact, the court in *Hill* recognized that this provision in Rule 12(a)(4) expressly permitted the court to order a defendant's answer before resolution of a motion to dismiss:

> Defendant has argued that because it filed a second motion to dismiss, it is not required to file an answer until this Court denies or postpones consideration of that motion. *See* Fed.R.Civ.P. 12(a)(4). Because Defendant's motion to dismiss has now been stricken, Defendant's argument is moot. Furthermore, if this Court were to

consider Defendant's argument at this time, although technically correct, this Court recognizes that Rule 12(a)(4) also provides that a court may order an answer to be filed at a time other than after the motion to dismiss has been denied or the court has postponed consideration of the motion. *See* Fed.R.Civ.P. 12(a)(4) ("*Unless a different time is fixed by court order*, the service of a motion permitted under this rule alters these periods of time as follows: (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action ....") (emphasis added). Although this Court has now stricken Defendant's motion to dismiss and thereby negated Defendant's current rationale for declining to file a answer, because this Court has affirmatively ordered Defendant to file an answer at a time fixed by this Court, any future motion to dismiss under Federal Rule of Civil Procedure 12 shall not alter Defendant's affirmative obligation to answer Plaintiffs' amended complaint.

*Hill v. Blue Cross & Blue Shield*, 237 F.R.D. 613, 617 (E.D. Mich. 2006); *see also Aslani v. Sparrow Health Sys.*, No. 1:08-CV-298, 2009 WL 736654, at *4, n.8 (W.D. Mich. Mar. 12, 2009) (noting that "Rule 12(b)(4) recognizes the court's authority and discretion to require a defendant to file an answer prior to resolution of its dispositive motion."); *Rossi Distribs., Inc. v. Lavazza Premium Coffees Corp.*, No. 01 C 9271, 2002 WL 31207324, at *2 (N.D. Ill. Oct. 2, 2002) (noting that "Rule 12(a)(4)...gives this court discretion to fix a different filing date").

Pursuant to the plain text of Rule 12(a)(4), courts have indeed required defendants to answer complaints despite a pending pre-answer motion. *See, e.g., Merchants Nat. Bank, Topeka, Kan. for Stowers v. Safrabank (California)*, No. 90-4194-R, 1991 WL 173784, at *1 (D. Kan. Aug. 28, 1991) (adopting the magistrate judge's report and recommendations that directed Defendants to answer prior to the disposition of the pending motions to dismiss, noting that the magistrate judge's decision was pursuant to Rule 12(a), the court's case management responsibilities under Rule 16, and the policies prescribed by Rule 1); *In re Longhorn Secs. Litig.*, 573 F. Supp. 255, 263 (W.D. Okla. 1983) (requiring defendants to "answer the complaints even though their pre-answer motions were still under consideration"); *Everett v. Trans-World Airlines*, 298 F. Supp. 1099, 1103 (W.D. Mo. 1969) (explaining that while Rule 12(a) temporarily relieved defendant of the duty to answer, "the better practice is timely to file an answer, even where a motion to dismiss has been filed, in order further to facilitate discovery").

None of the authority Plaid cites suggests that this Court <u>lacks the authority to</u> order Plaid to answer the complaint before resolving Plaid's pending motion to dismiss. Collectively, Plaid's authority instead merely confirms that the Federal Rules, by default, toll the deadline for a responsive pleading until 14 days following the court's action on a motion filed under Rule 12.

Even the most germane of the cases cited by Plaid, *Bd. of Cty. Comm'rs Cty. of La Plata, Colo. v. Brown Grp. Retail, Inc.* No. CIVA 08-CV-00855-LTB-KMT, 2008 WL 4527736, at *1-2 (D. Colo. Oct. 3, 2008), failed to address the specific issue of the Court's authority. In *Bd. of Cty. Comm'rs*, Defendant filed a partial motion to dismiss on certain claims, and Plaintiff argued that Defendant was required to answer the remaining claims not subject to motion practice. *Id.* at *1. The Court found that Plaintiff cited insufficient authority to support a requirement that

Defendant answer on the unchallenged claims. *Id.* at *1-2. The Court did not address whether the Court *could have*—e.g., pursuant to its authority under Rule 12(a)(4)—ordered Defendant to answer any or all claims asserted in Plaintiff's complaint.

Plaid's reliance upon the Supreme Court's *Iqbal* opinion is also misplaced. Plaid argues that the *Iqbal* Court found that Plaintiff cannot "unlock the doors of discovery with an insufficient complaint." But, the *Iqbal* case, unlike here, concerned a complaint that purportedly failed to put Defendant on notice of Plaintiff's allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009). In this case, Plaid's motion to dismiss does not contend that Plaid cannot comprehend the allegations it faces. Plaid merely contends the seven patents-in-suit are invalid. Thus, the prejudices the *Iqbal* defendant might have faced by defending against discovery on charges it could not understand are not present here.

The other authorities cited by Plaid are similarly inapplicable in this case. The issue in *United States v. $8,2921,877.16 in U.S. Currency*, was the interplay between FRCP 12 and the Supplemental Rules in forfeiture proceedings. 330 F.3d 141 (3d Cir. 2003). The District Court held that Civil Rule 12's procedure for motions in lieu of an answer was inconsistent with Supplemental Rule C(6)'s pleadings procedure and thus dismissed defendant's motion to dismiss, and required it to serve an answer and respond to the interrogatories before filing any other motions. *Id.* at 145. The Third Circuit held that Rule 12(a)(4) applied in forfeiture proceedings and thus reversed the District Court's order dismissing defendant's motion to dismiss for lack of standing. In *Aspenlind v. Country Wide Home Loans*, the court denied plaintiff's motion to strike defendant's motion to dismiss. No. CIV S-07-0307FCDDADP, 2007 WL 2225798, at *3 (E.D. Cal. July 31, 2007), report and recommendation adopted, No. CIVS070307FCDDADPS, 2007 WL 2705237 (E.D. Cal. Sept. 14, 2007) (noting that plaintiff cited no legal authority that required or permitted the court to strike defendant's motion). In *Mittleman v. United States*, the court denied plaintiff's motion to strike defendants' affirmative defenses, where plaintiff argued that defendant waived its affirmative defenses by failing to raise them in an answer before presenting them in motions to dismiss. 997 F. Supp. 1, 6 (D.D.C. 1998), aff'd, No. 98-5126, 1998 WL 796298 (D.C. Cir. Oct. 15, 1998).

Most significantly, none of Plaid's caselaw addresses the plain language of Rule 12(a)(4), which clearly authorizes the Court to set a deadline prior to the resolution of motions to dismiss. Indeed, the ruling that Plaid seeks would render this plain language meaningless. There would be no reason for Rule 12 to recite "Unless the court sets a different time…" if Congress did not provide district courts with that authority.

Yodlee notes that an order requiring Plaid to disclose its defenses and counterclaims without requiring that Plaid formally answer Yodlee's complaint would achieve the same practical result as requiring Plaid to answer the complaint now. After 18 months of litigation, including extensive discovery of Yodlee, Plaid certainly knows the affirmative defenses and counterclaims it intends to bring when it answers. This Court could require Plaid to disclose those as a matter of case management. The parties could then proceed with discovery on these issues just as Plaid has already pursued and received discovery into its inequitable conduct, standing, and inventorship defenses – despite never having pled those issues at all (let alone with the

specificity required by the Federal Rules). The Federal Rules provide broad discretion to district courts in managing discovery and it is noteworthy that Fed. R. Civ. P 16(b)(2) sets deadlines for the issuance of a case scheduling order without regard to whether a motion to dismiss has been filed and without regard to whether the defendant has answered the complaint.

*Proposed schedule:*

Regardless of when the Court determines Plaid's answer will be due, Yodlee respectfully requests that the currently scheduled trial date remain undisturbed. Yodlee's opposition brief to Plaid's pending motion to stay details at great length the on-going direct competition between Plaid and Yodlee. (D.I. 173 at 7-10). Postponing the trial would unduly prejudice Yodlee by delaying its remedy for Plaid's infringement. This delay would permit Plaid to continue interfering with Yodlee's business opportunities and eroding Yodlee's goodwill—outcomes that cannot be easily remedied with monetary damages. *Drager Med. GmbH v. Allied Healthcare Products, Inc.*, No. CV 13-1656-SLR, 2014 WL 1232329, at *4 (D. Del. Mar. 24, 2014) ("The court recognizes that plaintiffs have identified the types of harm that traditionally have qualified as not easily compensable by money damages—price erosion and threatening the Dräger brand.") citing *Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) ("Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm.")

Yodlee is prepared to work with Plaid to efficiently address any previously unanticipated discovery that might be necessitated by Plaid's answer when it is filed. Yodlee cannot currently address any particular Plaid defenses or claims that may require discovery because Plaid has not revealed any such defenses/claims and only represents that its answer "*may* raise other[]" defenses. (D.I. 175 at 4) (emphasis added).

To this end, Yodlee proposes two alternative scheduling orders.

(a) <u>Should the court exercise its authority to order Plaid to answer or otherwise disclose any affirmative defenses or counterclaims before the motion to dismiss is resolved, Yodlee proposes the following schedule:</u>

- **May 23, 2016** - Plaid's answer to Yodlee's complaint due (or similar disclosure of affirmatives or counterclaims)
- **June 30, 2016** - Fact Discovery closes
- **July 11, 2016** - Opening expert reports are served
- **August 12, 2016** - Rebuttal expert reports are served
- **September 2, 2016** - Expert Discovery cut-off
- **September 16, 2016** - Case dispositive/Daubert motions due
- **October 3, 2016** - Opposition to case dispositive/Daubert motions due
- **October 13, 2016** - Reply in support of case dispositive/Daubert motions due
- **Within 30 days of October 13, 2016** - Hearing on dispositive/Daubert motions

Hon. Chief Judge Leonard P. Stark
May 13, 2016
Page 5

(b) <u>Should be court decide it will not exercise its authority to modify the deadlines set forth in Rule 12(a)(4), Yodlee proposes the following schedule:</u>

- Current schedule remains applicable to all issues of infringement, validity, enforceability, patent ownership, and any additional defenses on which Plaid has already sought discovery
- The following schedule will apply to any previously unanticipated discovery necessitated by new defenses/counterclaims raised in Plaid's answer:

| Event | Deadline |
|---|---|
| Plaid's answer to Yodlee's complaint due | 2 weeks after court rules on any objections to the Magistrate's Report and Recommendations |
| Fact discovery period, limited to new issues raised by Plaid's answer ends | 5 weeks following Plaid's answer<br><br>- *Discovery must be served within 7 days of Plaid answering the complaint.*<br>- *Parties agree to respond to discovery within 21 days of service.*<br>- *Depositions, if required, may take place anytime during this period.* |
| Supplemental expert report on limited new issues due (if needed) | 2 weeks following close of limited fact discovery period |
| Rebuttal expert report on limited issues due (if needed) | 2 weeks following opening supplemental expert report |
| Time limited supplemental expert depositions to be completed | 2 weeks following service of rebuttal report |
| Additional dispositive/Daubert motions limited to new issues due (parties will still adhere to page limits set forth in court's scheduling order) | 1 week following completion of expert depositions (or 3 weeks following close of limited discovery period if no supplemental expert reports are required) |
| Opposition to dispositive/Daubert motions due | 2 weeks following opening dispositive/Daubert motions |
| Reply in support of dispositive/Daubert motions | 1 week following opposition to dispositive/ Daubert motions |
| Court will set a hearing, if the court sees fit, to | Within 4 weeks of reply brief on dispositive/ Daubert motions |

| | |
|---|---|
| hear dispositive/Daubert motions on limited new issues | |

**Plaid's Position:**

<u>*Court's authority to order Plaid to answer the complaint before deciding the motion to dismiss:*</u>

The Court cannot order Plaid to answer before it decides Plaid's dispositive motion to dismiss. Under Rule 12(a)(4)(A), "a civil defendant may respond to a complaint with a motion to dismiss, and must then file an answer within ten [now 14] days after the court disposes of that motion." *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 153 (3d Cir. 2003). Indeed, even where a *partial* motion to dismiss, addressing only *some* counts of a complaint, is pending, a court cannot order a defendant to answer those counts that are not challenged. *See Bd. of Cty. Comm'rs Cty. of La Plata, Colo. v. Brown Grp. Retail, Inc.*, No. CIVA 08-CV-00855-LTB-KMT, 2008 WL 4527736, at *1-2 (D. Colo. Oct. 3, 2008) (collecting cases) (denying "Plaintiff's oral motion requesting an Order from this court requiring the defendants to file an Answer to claims for which there was not filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)"); *accord*, *e.g.*, 5A C. Wright and A. Miller, *Federal Practice and Procedure* § 1346 & n.18 (3d ed. 2016) (collecting cases); *see also*, *e.g.*, *Mittleman v. United States*, 997 F. Supp. 1, 6 (D.D.C. 1998), *aff'd*, 1998 WL 796298 (D.C. Cir. Oct. 15, 1998) ("a defendant need not file an answer until ten [now 14] days after a motion to dismiss has been denied"); *Aspenlind v. Country Wide Home Loans*, No. CIV S-07-0307FCDDADP, 2007 WL 2225798, at *3 (E.D. Cal. July 31, 2007), *report and recommendation adopted*, 2007 WL 2705237 (E.D. Cal. Sept. 14, 2007) ("A defendant who exercises the option of filing a motion to dismiss for failure to state a claim is not required to file an answer unless and until the motion to dismiss is denied.").

None of Yodlee's cases provide binding authority, let alone persuasive authority to support the proposition that a district court can and should order Plaid to answer before the Court decides its case-dispositive motion to dismiss all counts of Yodlee's complaint.
- The court in *Hill v. Blue Cross & Blue Shield*, 237 F.R.D. 613 (E.D. Mich. 2006), ordered the defendant to answer only "[b]ecause Defendant's motion to dismiss has now been stricken" and thus its "argument is moot." *Id.* at 617.
- *Aslani v. Sparrow Health Sys.*, No. 1:08-CV-298, 2009 WL 736654 (W.D. Mich. Mar. 12, 2009), notes that the terms of Rule 12(b)(4) do not themselves limit the time when a court may require the defendant to answer (at *4 n.8), but it states that "Defendants are not required to file an answer to the amended complaint until after the court rules on their pending motion to dismiss. Almost every court to consider this latter issue has concluded that pursuant to Rule 12(a)(4) of the Rules of Civil Procedure, once a motion to dismiss under Rule 12(b)(6) is filed a defendant need not file its answer until 10 [now 14] days following the denial of the motion to dismiss." *Id.* at *4 (punctuation omitted).
- *Rossi Distribs., Inc. v. Lavazza Premium Coffees Corp.*, No. 01 C 9271, 2002 WL 31207324 (N.D. Ill. Oct. 2, 2002), *enlarged* the time to file a response to the complaint and thus held that defendant's response was "timely." *Id.* at *2.

- In *Merchants Nat. Bank, Topeka, Kan. for Stowers v. Safrabank (California)*, No. 90-4194-R, 1991 WL 173784 (D. Kan. Aug. 28, 1991), the court explained that "the pending motions will not dispose of this case," and therefore it was within the court's discretion to require an answer. *Id.* at *1. More recent decisions have explained why even this limited view—that a defendant may be compelled to answer pending a partial motion to dismiss—is an outlier and the vast majority of courts have rejected it. *See La Plata*, 2008 WL 4527736, at *1; *Federal Practice and Procedure*, *supra*, § 1346 & n.18.
- *In re Longhorn Secs. Litig.*, 573 F. Supp. 255 (W.D. Okla. 1983), did not state what "pre-answer motions were still under consideration"—whether they were potentially case-dispositive or not—at the time it required the defendants to answer. *Id.* at 263. That case also presented a pressing need to manage "a massive, multidistrict litigation" with complaints filed at different times—circumstances which are absent here. *Id.* at 262.
- *Everett v. Trans-World Airlines*, 298 F. Supp. 1099 (W.D. Mo. 1969), did not order a defendant to answer pending a motion to dismiss. This case, from nearly half a century ago, merely suggested to defendants that "the better practice" is to file an answer "in order further to facilitate discovery." *Id.* at 1103. That has not been modern practice, and makes little sense in light of the Supreme Court's recent admonition that a plaintiff cannot "unlock the doors of discovery" with an insufficient complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Proposed schedule:*

| Event | Current | New |
| --- | --- | --- |
| MTD R&R from Judge Burke | | May 23, 2016 |
| Objections to R&R | | June 6, 2016 |
| Response | | June 20, 2016 |
| Judge Stark decision on MTD | | Late June/Early July 2016 |
| Answer & Counter-claims | | July 21, 2016 |
| Close of fact discovery | May 27, 2016 | August 26, 2016 |
| Opening Expert reports | June 17, 2016 | September 30, 2016 |
| Rebuttal Expert reports | July 19, 2016 | October 28, 2016 |
| Expert discovery cut-off | August 19, 2016 | November 23, 2016 |
| Dispositive Motions due | September 14, 2016 | December 23, 2016 |
| Dispositive Motions hearing | November 1, 2016 | February of 2017 |

| | | |
|---|---|---|
| and decision | | |
| Pretrial conference | February 10, 2017 | ** Plaid proposes to move these dates to a date convenient for the Court that allows time for decision on dispositive motions ** |
| Five-day trial | March 13, 2017 | ** Plaid proposes to move these dates to a date convenient for the Court that allows time for decision on dispositive motions ** |

Plaid's proposed schedule provides time for discovery on the counterclaims and affirmative defenses Plaid will raise in its answer. Because of Plaid's position that a district court does not have the authority to order an answer and counterclaims prior to resolution of the motion to dismiss and the need for time to complete fact discovery and expert discovery before dispositive motions, the earliest reasonable time for a dispositive motions hearing is in February of 2017. That leaves too little time for the Court to consider dispositive motions and *Daubert* challenges before a March 13, 2017 trial. While Plaid appreciates the Court's inclination to maintain a March 13, 2017 trial date, it does not believe that doing so is reasonable given the events that need to occur beforehand.

Yodlee's primary proposed schedule would require the Court to overlook *Iqbal* and its principles. To achieve Yodlee's goal of maintaining the exact currently scheduled trial date, Yodlee would: (1) require Plaid to answer on May 23—almost immediately following this Court ordering the schedule and long before the Court decides the motion to dismiss—and (2) substantially cramp the period to brief dispositive motions, reducing it to only two weeks from the close of expert discovery and barely one month after response reports are due. As explained above, Yodlee is unable to cite any authority for a district court to require an answer before a dispositive motion to dismiss is decided or stricken so that the parties know what, if any, counts remain in the complaint. Both the Supreme Court and the Third Circuit have stated that the doors of discovery should not even open—much less close—while a motion to dismiss challenging the sufficiency of the complaint is pending. *See Iqbal*, 556 U.S. at 678-79, 686; *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 135 (3d Cir. 2014); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). Ordering Plaid to answer while its motion to dismiss is pending is not supported by the Federal Rules or any cases Yodlee cites. And requiring it to be done in a few days during a time when depositions are scheduled for virtually every day is unreasonable. Further, although Yodlee likely would welcome the restricted briefing on dispositive motions—which, thoroughly briefed, may result in Yodlee losing its case before trial—more time is needed if the Court and the parties wish to arrive at the correct resolution to those case-dispositive issues.

Yodlee's alternate proposal would maintain the existing schedule but add very brief periods for discovery and expert reports for *some* claims and defenses. This proposal has the same problems as the current schedule: It leaves insufficient time to complete discovery on many of Plaid's not-yet-pled defenses and claims, and it compounds that problem with an exceedingly compact period for discovery on all other claims and defenses. Additional, it creates exactly the sort of "duplicative" and "confusing" split proceedings that courts have avoided. *La Plata*, 2008 WL 4527736, at *1; *Federal Practice and Procedure*, *supra*, § 1346. As Yodlee concedes, it does not yet know what counterclaims Plaid will raise and so there needs to be sufficient time in the schedule to permit motions practice, if any, and discovery on those counterclaims, then expert discovery with sufficient intervals to allow the parties time to prepare its case for trial. Most importantly, given that Yodlee has indicated that it may submit a damages report based on price erosion and/or lost profits, issues that are likely subject to vigorous Daubert challenges, the schedule needs to have more than ample time for the Court to consider Plaid's Daubert challenge and dispositive motions. Neither of Yodlee's proposed schedules provide sufficient time. Plaid's proposal is more reasonable.

Should the Court have any questions, counsel are available at the Court's convenience.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

cc: All Counsel of Record (via CM/ECF)