IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YODLEE, INC., <br><br> Plaintiff, <br><br> v. <br><br> PLAID TECHNOLOGIES INC., <br><br> Defendant. | Civil Action No. 14-1445-LPS-CJB |

## MEMORANDUM ORDER

At Wilmington this **27th** day of **January, 2017**:

1. This is a patent infringement case. On December 1, 2014, plaintiff Yodlee, Inc. ("Yodlee") filed a complaint alleging infringement of U.S. Patent Nos. 6,199,077 (the "'077 patent"), 6,317,783 (the "'783 patent"), 6,510,451 (the "'451 patent"), 7,263,548 (the "'548 patent"), 7,424,520 (the "'520 patent"), 7,752,535 (the "'535 patent"), and 8,266,515 (the "'515 patent").

2. On January 23, 2015, defendant Plaid Technologies, Inc. ("Plaid") moved to dismiss under Federal Rule of Civil Procedure ("Rule(s)") 12(b)(6). (D.I. 11) Plaid contends that all of the asserted claims are directed to patent-ineligible subject matter. Plaid's motion to dismiss was referred to United States Magistrate Judge Christopher J. Burke for a report and recommendation. (*See generally* D.I. 7)

3. On May 23, 2016, Judge Burke issued a 65-page Report and Recommendation, concluding that Plaid's motion to dismiss should be granted in part and denied in part. (*See* D.I. 185 ("R&R")) The parties filed their objections to the R&R on June 9, 2016 (*see* D.I. 198, 199), and their responses on June 27, 2016 (*see* D.I. 210, 211).

4. On October 12, 2016, Plaid filed a motion for summary judgment. (D.I. 264) Among other requested relief, Plaid seeks judgment of patent ineligibility with respect to all asserted claims of the seven patents in suit. (*See* D.I. 265 at 3-18)[1]

5. Evaluating a motion to dismiss under Rule 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). The Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000) (internal quotation marks omitted).

6. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

7. Pursuant to 35 U.S.C. § 101, "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor." There are three exceptions to § 101's broad patent-eligibility principles: "laws of nature, physical phenomena, and abstract ideas." *Diamond v. Chakrabarty*, 447 U.S. 303, 309 (1980). Relevant here is the third category, "abstract ideas," which "embodies the longstanding rule that an idea of itself is not patentable." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014) (internal quotation marks omitted). In

---

[1] The Court will address the remainder of the issues presented in Plaid's motion for summary judgment at a later time, in one or more separate opinions and/or orders.

*Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289 (2012), the Supreme Court set out a two-step "framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 134 S. Ct. at 2355. First, courts must determine if the claims at issue are directed at a patent-ineligible concept – in this case, an abstract idea ("step 1"). *See id.* If so, the next step is to look for an "'inventive concept' – i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself" ("step 2"). *Id.* The two steps are "plainly related" and "involve overlapping scrutiny of the content of the claims." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016).

8. The Court has carefully reviewed the R&R and all relevant filings and has evaluated Plaid's motion to dismiss *de novo*. *See Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014); 28 U.S.C. § 636(b)(1); Rule 72(b)(3). For the reasons given in Judge Burke's detailed § 101 analysis and further explained below, **IT IS HEREBY ORDERED THAT**:

    (a) both parties' objections to the R&R (*see* D.I. 198, 199) are **OVERRULED**;

    (b) the R&R (D.I. 185) is **ADOPTED** in full; and

    (c) Plaid's motion to dismiss (D.I. 11) is **GRANTED** in part and **DENIED** in part.

9. Plaid's motion for summary judgment as it relates to ineligibility (D.I. 264; *see* D.I. 265 at 3-18) is **GRANTED** in part, **DENIED** in part, and **DENIED AS MOOT** in part.

10. As an initial matter, the Court is unpersuaded by Plaid's argument that Judge Burke incorrectly interpreted and applied *Enfish, LLC v. Microsoft Corporation*, 822 F.3d 1327 (Fed. Cir. 2016). (*See generally* D.I. 199 at 5-12) The Court does not read the R&R to "require every important aspect of the claim to be captured in the asserted abstract idea," as Plaid suggests. (D.I. 199 at 5 (internal quotation marks omitted)) Rather, Judge Burke's analysis properly considered, for example, "*the* key concept in the claim" and the "rationale for the invention" underlying the '783 patent. (R&R at 27 (emphasis added)) An invention's underlying motivation (as incorporated by and expressed in the claim language) is an important factor in the step 1 analysis of whether a claim is "directed to an improvement to computer functionality." *Enfish*, 822 F.3d at 1335.

11. *'077 patent*. The Court agrees with Judge Burke's analysis and recommendation that Plaid's motion to dismiss be denied as to claim 7 of the '077 patent. (*See* R&R at 10-24) With respect to Yodlee's contention that Judge Burke should have found the claim patent eligible based on *Mayo* step 1 alone (*see* D.I. 198 at 2-5), and Plaid's related objection to the R&R's omission of a firm step 1 conclusion (*see* D.I. 199 at 8), the Court finds no error in the R&R's reliance on the step 2 "inventive concept" analysis as the basis to resolve the issue of claim 7's eligibility.[2] The Court also overrules Plaid's objection as it pertains to the R&R's step 2 analysis of the same claim. The Court is not persuaded by Plaid's assertion that the "'site-specific script' element adds nothing more than the general idea of having some script . . . for each site." (D.I.

---

[2]The Court disagrees with Plaid's assertion that the R&R inappropriately "stop[ped] short of considering whether the concept to which it finds the '077 patent to actually be directed . . . is abstract." (D.I. 199 at 8) The Court further finds Plaid's similar objections with respect to the R&R's analysis of the '783, '535, and '515 patents unavailing.

4

199 at 9 (emphasis omitted)) Although the claim language at issue in *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014), was more detailed than the language at issue here, Plaid's objection does not account fully for this site-specific script's operation by "extract[ion of] data values . . . based on the site's logic and structure," upon which the R&R relied. (D.I. 96 at 14; *see* R&R at 20, 23 n.13)

Nor does the record developed in connection with the summary judgment motion warrant a different result. Even assuming Plaid has shown the claim is directed to an abstract idea at step 1, the record reflects a genuine factual dispute over whether the software gathering agent as construed was "well-understood, routine, [or] conventional" at the time of the invention. *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016) (internal quotation marks omitted). The Court is unconvinced by Plaid's attempt to brush this difference aside as immaterial. (*See* D.I. 300 at 2-3)

Therefore, Plaid's Rule 12(b)(6) and Rule 56 challenges to the asserted '077 patent claims' § 101 eligibility are both **DENIED**.

12. *'783 patent.* The Court agrees with Judge Burke's analysis and recommendation that Plaid's motion to dismiss be denied with respect to claim 1 of the '783 patent. (*See* R&R at 24-33) First, the Court agrees with the R&R's conclusion that Plaid failed to carry its burden at step 1 because its proposed abstract idea ("retrieving and storing personal information from multiple sources") failed to capture a key concept of the claim. (*See, e.g.*, R&R at 28 ("[T]he claim . . . is directed to a method of retrieving a particular *type* of personal information: that which would otherwise be blocked off behind a wall of security, such that verification of one's identity was necessary to access it.")) Second, the Court finds no error in the R&R's step 2

conclusion or its reliance on *DDR Holdings* in reaching that conclusion.

In addition, as with the '077 patent, the summary judgment record does not compel a different outcome. Plaid has not shown lack of a genuine, material factual dispute over whether the asserted claims' limitations, "taken together as an ordered combination, . . . recite an invention that [was] not merely the routine or conventional use of the Internet." *DDR Holdings*, 773 F.3d at 1259. It remains a close question whether claim 1 sufficiently "specif[ies] how" the inventive outcome is achieved, *id.* at 1258; a reasonable juror could find for either side on this dispute. Even Plaid's expert, Dr. Mowry, opined that the claim's use of a "protocol" (or a "software script" under the Court's construction) is "***nearly*** inherent." (D.I. 266-2 at 117 of 259 ¶ 272) *See generally Intellectual Ventures I, LLC v. Motorola Mobility LLC*, 81 F. Supp. 3d 356, 369 (D. Del. 2015) ("Even though claim 1 itself does not provide a detailed explanation of how packet headers are used to allocate the bandwidth, the inventive concept lies in the limitation of using packet headers to allocate bandwidth, not in the details of implementation.").

Plaid's Rule 12(b)(6) and Rule 56 challenges to the § 101 eligibility of the asserted claims of the '783 patent are both **DENIED**.

13. *'451 patent*. The Court agrees with Judge Burke's analysis and recommendation that Plaid's motion to dismiss be granted as to the sole asserted claim of the '451 patent. (*See* R&R at 33-44, 64) The Court is unpersuaded by Yodlee's assertion that Plaid's proffered abstract idea is "untethered from explicit claim elements." (D.I. 198 at 6) For the reasons outlined in the R&R, the Court is also unpersuaded by Yodlee's argument that claim 8 of the '451 patent meets the specificity standards set out in *DDR Holdings* and other relevant cases. While preemption is an underlying "concern that drives the exclusionary principle," *Alice*, 134 S.

Ct. at 2354, Yodlee's contention that the R&R "did not properly consider" the issue is unavailing (D.I. 198 at 8). *See generally Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 2511 (2016) ("Where a patent's claims are deemed only to disclose patent ineligible subject matter under the *Mayo* framework . . . preemption concerns are fully addressed and made moot.").

For at least these reasons, as to the § 101 subject matter eligibility of claim 8 of the '451 patent, Plaid's motion to dismiss is **GRANTED** and its summary judgment motion is **DENIED AS MOOT**.

14. *'548 and '520 patents.* For at least the reasons given in the R&R, the Court agrees with Judge Burke's recommendation that Plaid's motion to dismiss be granted as to claim 20 of the '548 patent (*see* R&R at 44-54, 64), and overrules Yodlee's objections (which bear similarities to its objections relating to the '451 patent, which the Court has also overruled).[3] Accordingly, as to claim 20 of the '548 patent, Plaid's motion to dismiss is **GRANTED** and its motion for summary judgment of ineligibility is **DENIED AS MOOT**.

Dependent claims 36 of the '548 patent and 38 of the '520 patent[4] add aggregation and synchronization limitations to the independent claims from which they depend. The patents'

---

[3]The Court overrules Plaid's objection to the R&R's refusal to address the eligibility of claims 36 of the '548 patent and 38 of the '520 patent. (*See* D.I. 199 at 3-5) As the R&R noted, the briefing on Plaid's motion to dismiss contained little substantive analysis addressing the additional limitations appearing in these dependent claims. (*See* R&R at 64)

[4]The R&R also found claim 21 of the '520 patent ineligible. However, as of Yodlee's March 4, 2016 Election of Asserted Claims (*see* D.I. 153-2 at 146-48 of 149), that claim was no longer asserted. (*See also* D.I. 265 at 14 ("Yodlee asserts independent method claim 20 of the '548 Patent, along with dependent claims 36 of the '548 Patent and 38 of the '520 patent.")) Therefore, the Court need not determine the patent eligibility of claim 21.

specifications disclose the possibility of a "synchronization service" using an "algorithm enabled to adaptively minimize round trip messages" by computing Cyclic Redundancy Check codes. (*E.g.,* '548 patent at 4:19-34) But the claims themselves are not so limited. Like the independent claims from which they depend, the asserted dependent claims use "broad, functional language" and remain largely "focused on the idea of translating data into a new form" while providing little guidance as to "how that translation must occur." (R&R at 51 (emphasis omitted)) The Court, therefore, finds that claim 36 of the '548 patent and claim 38 of the '520 patent are directed to an abstract idea under step 1.

The difficult question at step 2 is whether the aggregation and synchronization limitations describe something more than a "procedure or structure common to every means of accomplishing a given result." *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1311 (Fed. Cir. 2016). On this point, Plaid has not met its burden of showing that the synchronization limitations are not inventive (due to inherency). *See generally id.* While Plaid makes a strong showing, the Court cannot conclude at this point that no reasonable juror could find against Plaid on this (and potentially other) disputes.

Accordingly, Plaid's motion for summary judgment of ineligibility of claim 36 of the '548 patent and claim 38 of the '520 patent is **DENIED**.

15. *'535 and '515 patents.* The Court agrees with Judge Burke's analysis and recommendation that Plaid's motion to dismiss be denied as to claim 6 of the '535 patent and claim 7 of the '515 patent. (*See* R&R at 54-63) Specifically, the Court agrees with the R&R's conclusion that Plaid failed to meet its burden at step 1 because its proposed abstract idea fails to capture key aspects of the claims. (*See* R&R at 61)

The factual record and more developed arguments presented to the Court at the summary judgment stage do not merit a different result. Instead, the Court agrees with Yodlee that Plaid's alternative formulation[5] is not abstract. The claims are directed to building upon the '077 patent's claimed technological improvement through a transaction categorization system that shows probabilistic growth and improvement. As Judge Burke observed, it is difficult to identify a real-world analogue to the claimed subject matter, particularly when the limitations are considered in combination, which supports a conclusion that the claims are not patent ineligible. (*See* R&R at 61)

Plaid's Rule 12(b)(6) and Rule 56 challenges to the asserted '535 and '515 patent claims' § 101 subject matter eligibility are **DENIED**.

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT

---

[5]"[I]n the alternative, the '535 and '515 Patents are directed to the abstract idea of categorizing and summarizing past transactions, and using past transaction information to predict future transactions, wherein the categorization system grows and improves its ability to do its job, based on the consistent incorporation of new information." (D.I. 265 at 16-17 (emphasis omitted))