IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YODLEE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PLAID TECHNOLOGIES INC.,<br><br>Defendant. | Civil Action No. 14-1445-LPS-CJB |

## MEMORANDUM ORDER

At Wilmington this **27th** day of **January, 2017**:

Pending before the Court is Defendant Plaid Technologies, Inc.'s ("Plaid") objection (D.I. 317) under Federal Rule of Civil Procedure ("Rule(s)") 72(a) to United States Magistrate Judge Christopher J. Burke's order (D.I. 312 (the "Order")) on Plaid's motion to stay this matter (D.I. 151). For the reasons given below, **IT IS HEREBY ORDERED** that Plaid's objection is **OVERRULED**, and **IT IS FURTHER ORDERED** that its renewed motion to stay (*see* D.I. 318) is **GRANTED**.

1. This is a patent infringement case. Plaintiff Yodlee, Inc. ("Yodlee") alleges that Plaid infringes U.S. Patent Nos. 6,199,077 (the "'077 patent"), 6,317,783 (the "'783 patent"), 6,510,451 (the "'451 patent"), 7,263,548 (the "'548 patent"), 7,424,520 (the "'520 patent"), 7,752,535 (the "'535 patent"), and 8,266,515 (the "'515 patent").

2. Plaid first filed a motion to stay in May 2015, seeking a halt to proceedings pending resolution of its motion to dismiss. (D.I. 30) Judge Burke denied the motion in July 2015. (D.I. 51) Plaid later pursued *Inter Partes* Review (IPR) and Covered Business Method

1

(CBM) challenges at the U.S. Patent and Trademark Office (PTO) involving all seven patents in suit. The Patent Trial & Appeal Board (PTAB) eventually instituted IPR proceedings as to the '783 patent (*see* D.I. 207-2 at 101-143 of 143) and CBM review as to the '451, '535, and '515 patents (*see* D.I. 256-1, 318-1, 318-2). The PTAB declined to institute IPR and/or CBM review with respect to the '077, '548, and '520 patents.

4. In the meantime, Plaid again moved for a stay of this litigation pending resolution of both its motion to dismiss and the PTO proceedings. (D.I. 151) In his detailed Order,[1] Judge Burke granted the motion as to the '451 patent but denied it as to the other six patents in suit. (D.I. 312)

5. Under Rule 72, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," and a party objects to the resulting order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Plaid timely filed its objection under Rule 72 to Judge Burke's Order. (*See* D.I. 317)

6. By separate order entered on this date, the Court has now resolved all of Plaid's § 101 patent eligibility challenges in this case. An updated version of the chart appearing in Judge Burke's Order (*see* D.I. 312 at 4) follows:

---

[1] As a preliminary matter, the motion to stay was properly before and resolved by Judge Burke under the Court's referral order. (*See* D.I. 323 at 3 n.1 (Yodlee's correct interpretation of the Court's referral order))

| Asserted Patent | Number of Asserted Claims | PTAB Action | Current Status |
|---|---|---|---|
| '077 | 8 | Denied IPR and CBM petitions; denied request for rehearing. | All PTAB challenges exhausted; Court has also denied eligibility challenges. |
| '783 | 7 | Instituted IPR as to all claims; denied CBM petition. | Pending IPR ruling; Court has denied eligibility challenges. |
| '451 | 1 | Instituted CBM review. | Pending CBM ruling; Court has granted motion to dismiss. |
| '548 | 2 | Denied CBM petition. | All PTAB challenges exhausted; Court has denied eligibility challenge with respect to one asserted claim and granted motion to dismiss as to the other. |
| '520 | 1 | Denied CBM petition. | All PTAB challenges exhausted; Court has also denied eligibility challenges. |
| '535 | 1 | Instituted CBM review. | Pending CBM ruling; Court has denied eligibility challenges. |
| '515 | 1 | Instituted CBM review. | Pending CBM ruling; Court has denied eligibility challenges. |

7. Whether to stay litigation (including whether to stay pending resolution of PTO proceedings) is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir.1998). "This Court has typically considered three factors when deciding a

3

motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *FMC Corp. v. Summit Agro USA, LLC*, 2014 WL 3703629, at *2 (D. Del. July 21, 2014); *see also Walker Digital, LLC v. Google, Inc.*, 2014 WL 2880474, at *1 (D. Del. June 24, 2014) (applying similar test for whether to stay litigation pending CBM review). A movant's failure to articulate a clear hardship or inequity that it would suffer in the absence of a stay also weighs against such relief. *See Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010). As in Judge Burke's Order, the Court will analyze Plaid's motion on a patent-by-patent basis.

8. *'077 patent.* Judge Burke declined to order a stay as to this patent based on the PTAB's denial of Plaid's petitions and because his Report and Recommendation on Plaid's motion to dismiss (D.I. 185 ("R&R")) did not find any of the '077 patent's asserted claims to be unpatentable. Plaid contends that Judge Burke erred in referring to recommendations in the R&R, because the R&R had not issued when Plaid filed its motion to stay. (*See* D.I. 317 at 3) Judge Burke's Order is not "clearly erroneous." Fed. R. Civ. P. 72(a). *See also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014) ("**Generally**, the time of the motion is the relevant time to measure the stage of litigation." (emphasis added)); *id.* at 1317 n. 6 ("[T]he district court may consider evidence that develops after the date of the stay motion."); *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) ("The ability to stay cases is an exercise of a court's inherent power to manage its own docket."). The Court agrees with Yodlee's view that the Court need not "treat the record as frozen in time at the second the

4

opening brief in the motion to stay is filed," nor is the Court "prohibited from considering anything that occurred in the litigation afterwards." (D.I. 323 at 4) Moreover, the Court has now denied Plaid's Rule 12 and Rule 56 patentability motions as to the '077 patent. The Court therefore **OVERRULES** Plaid's objections as to the '077 patent, and upholds the Order's denial of Plaid's motion to stay with respect to that patent.

9. *'548 and '520 patents*. For similar reasons, the Court **OVERRULES** Plaid's objections as to the '548 and '520 patents, and upholds the Order's denial of Plaid's motion to stay with respect to those patents. The Court has denied Plaintiff's Rule 12(b)(6) and Rule 56 motions with respect to the patentability of one asserted claim of the '548 patent and the sole asserted claim of the '520 patent.

10. *'451 patent*. Judge Burke granted Plaid's motion to stay with regard to the '451 patent, based on the PTAB's institution decision and his recommendation that the lone asserted claim be dismissed as unpatentable. (*See* R&R at 33-44) Because the Court has now adopted the R&R's recommendation and granted Plaid's motion to dismiss as to the '451 patent, the Court now **VACATES** Judge Burke's Order (D.I. 312) with respect to the '451 patent and **DENIES AS MOOT** Plaid's motion to stay as to that patent.

11. *'783 patent*. Judge Burke conducted a detailed analysis under the familiar three-factor test outlined above with respect to Plaid's motion as to the '783 patent. The Court will now address these factors in turn:

(a) *Simplification of Issues*. Judge Burke reasoned that "the total overlap between the claims at issue in this case and those at issue in the IPR . . . surely favors a stay." (D.I. 312 at 9) The Court agrees with Judge Burke and disagrees with Plaid's contention that

Judge Burke's qualifications in his analysis were legally erroneous. (*See* D.I. 317 at 5)

(b) *Status of the Litigation.* Judge Burke found that this factor disfavors a stay, based on his assessment that, "[t]hough some significant work on the case was yet to occur, by the time the Motion was filed, the Court and the parties had already put a significant amount of time and effort into the matter." (D.I. 312 at 10) As explained above, the Court is unpersuaded by Plaid's assertion that it is impermissible for the Court to consider events occurring after the filing of a motion to stay. While not dispositive, it is also not irrelevant that the litigation has advanced substantially since Plaid filed its motion and the parties are preparing for a pretrial conference currently set for February 10, 2017.

(c) *Undue Prejudice.* The Court does not find any of Judge Burke's analysis with regard to the undue prejudice subfactors to be clearly erroneous or contrary to law. Judge Burke's conclusions that the timing of request and status of review subfactors weigh slightly against a stay (*see* D.I. 312 at 11-15) are well-articulated and supported by the record. The same is true of his conclusion that the "relationship of the parties" subfactor weighs against a stay. (*See* D.I. 312 at 15-18)

In sum, the Court **OVERRULES** Plaid's objections as to the '783 patent and upholds the Order's denial of Plaid's motion to stay as it relates to that patent.

12. *'535 and '515 patents.* At the time Judge Burke issued his Order, the PTAB had not yet rendered an institution decision with respect to Plaid's CBM petitions as to the '535 and '515 patents. Judge Burke properly denied without prejudice Plaid's motion to stay with respect to these two patents. (*See* D.I. 312 at 6-7) When the PTAB instituted CBM review last month, Plaid renewed its motion to stay (*see* D.I. 318), and the Court now assesses this renewed request.

6

As with the '783 patent, proceedings with respect to which the Court has decided not to stay, the '535 and '515 patents are the subject of an instituted PTAB proceeding, and the Court has denied Plaid's Rule 12 and Rule 56 subject matter eligibility challenges with respect to all three of these patents. Plaid waited even longer to file the '535 and '515 CBM petitions than it did to file the '783 IPR petition, and the '535 and '515 patents account for only two asserted claims, as compared to the '783 patent's seven. But unlike with respect to the '783 patent, the Court's analysis here is governed by § 18(b) of the Leahy-Smith America Invents Act ("AIA"), which adds a fourth factor to the test used above: "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." AIA § 18(b)(1)(D). As Judge Burke noted in his order, a number of courts have concluded that this fourth factor was adopted "in order 'to place a thumb on the scale in favor of granting stays.'" (D.I. 312 at 5 (quoting *Hewlett-Packard Co. v. ServiceNow, Inc.*, 2015 WL 1737920, at *2 (N.D. Cal. Apr. 9, 2015)) *See also Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 873 (N.D. Ill. 2016), *aff'd sub nom. Trading Techs. Int'l, Inc. v. Rosenthal Collins Grp., LLC*, __ F. App'x __, 2016 WL 5899197 (Fed. Cir. Oct. 11, 2016); *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 496 (D. Del. 2013) ("It appears the intent of this provision was to ensure that district courts would grant stays pending CBM review proceedings at a higher rate than they have allowed stays pending ex parte reexaminations."). "Placing a thumb on the scale" in favor of granting a stay alters the balance, and the Court therefore **GRANTS** Yodlee's motion to stay as to the '535 and '515 patents.

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT